# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

ALEX GATLING,

                Plaintiff,

    v.                                           Case No.  11-CV-537

DIANA NICKEL, PATRICIA MCCULLOUGH,
THOMAS MICHLOWSKI, JEFF HEISE,
RICHARD HEIDORN, M.D., KATHY LEMENS,
and JEANNE G. ZWIERS,

                Defendants.

---

## ORDER

On June 3, 2011, the defendants in this action filed a notice of removal from state court, followed by an amended notice on June 6, 2011.  Defendants Diana Nickel, Patricia McCullough, Thomas Michlowski, and Jeff Heise then filed an Answer on June 7, 2011.  On June 16, 2011, plaintiff Alex Gatling ("Gatling") filed an "objection" to the defendants' removal.  Following this, on June 20, 2011, Gatling and those defendants who have appeared filed a Stipulation of Dismissal (Docket #10) agreeing to a dismissal of all federal claims in this action with prejudice followed by remand of the state law claims to the original state court.  The stipulation states that Gatling does not agree to waive or dismiss any federal claims not raised in this action, and the defendants do not agree to waive any affirmative defenses to any current or future federal claims made by Gatling.

The parties have stipulated to the dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Technically, that rule permits dismissal without a court order. Fed. R. Civ. P. 41(a)(1)(A). However, the subsequent provision allows for dismissal by a court order. Fed. R. Civ. P. 41(a)(2). Because the parties' stipulation agrees to dismissal, but only to a portion of the claims, and also asks for a remand, the court construes it as a request for a court order. However, the voluntary dismissal rule permits dismissal of an "action," but does not mention dismissal of individual claims. Fed. R. Civ. P. 41(a)(1), (2). The Seventh Circuit has tangentially addressed this issue, ruling in one case that a plaintiff could not voluntarily dismiss a claim contained in an amended complaint because the defendant had previously filed a motion for summary judgment as to the entire "action." *Berthold Types Ltd. v. Adobe Sys., Inc.*, 242 F.3d 772, 776-77 (7th Cir. 2001). The court noted that Rule 41(a)(1) spoke of dismissing an action, not one claim. *Id.* at 777. Though the defendant had not yet answered or filed for summary judgment as to the claim newly added in the amended complaint, the filing of an earlier summary judgment motion applied to the action as a whole. *Id.* Thus, because the defendant had already served a summary judgment motion, voluntary dismissal under Rule 41(a)(1)(I) was not proper. *Id.*

The Southern District of Illinois followed this interpretation in declining to allow a plaintiff to dismiss with prejudice a portion, but not all, claims from the action under Rule 41(a)(2). *Turner v. Office of Sheriff of Crawford Cnty.*, No. 08-CV-837, 2010

WL 455493, at *1 (S.D. Ill. Feb. 4, 2010); *see also* 9 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2362 n.13 (3d ed.) (collecting cases). *But see Johnson v. Henderson,* 229 F. Supp. 2d 793, 795 (N.D. Ohio 2002) (noting court had previously allowed voluntary dismissal of three out of four claims).

On the other hand, it should be noted that Rule 41(b), which allows a defendant to move for involuntary dismissal, permits the movant to request and the court to grant dismissal of the entire action, or particular claims. Fed. R. Civ. P. 41(b). While certain cases have read this dichotomy to indicate that Rule 41(a) thus does not permit dismissal of individual claims, else it would so state, *see Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 n.7 (9th Cir. 2005), it does show that Rule 41 contemplates, more generally, a court's power to dismiss individual claims. Further, the cases which prohibit dismissal of individual claims under Rule 41(a) have tended to do so in an adversarial context, that is for example, the defendant opposed dismissal or the plaintiff attempted to characterize a dismissal as voluntary on appeal. It would seem needlessly constraining, where Rule 41 otherwise contemplates dismissal of individual claims, to prohibit the dismissal of individual claims under Rule 41(a) where both parties have stipulated to such. Thus, the court is satisfied that it has the power to enter an order in this situation.

As to remand, a district court is permitted to decline the exercise of supplemental jurisdiction over related claims where the court has dismissed all

claims over which it had original jurisdiction.  28 U.S.C. § 1367(c)(4).  Because the court will dismiss the federal law claims, it has the power to remand the state law claims and will do so pursuant to the request and stipulation of the parties.

Accordingly,

**IT IS ORDERED** that all federal claims stated in this action be and the same are hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that the remainder of this action be and the same is hereby **REMANDED** back to Winnebago County Circuit Court.

The Clerk of the Court is directed to take all appropriate steps to effectuate this remand.

Dated at Milwaukee, Wisconsin, this 28th day of June, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge